**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUBPOENA TO SAM KREVLIN<br><br>    Non-Party Movant. | MISC. Case No. 25-376 |
| KENNETH NIXON<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF DETROIT, DETECTIVE MOISES JIMENEZ, COMMANDER JAMES TOLBERT, DETECTIVE KURTISS STAPLES, SGT. EDDIE CROXTON, OFFICER ALMA HUGHES-GRUBBS, AND OTHER AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY OF DETROIT<br><br>    Defendants. | Civil Action No. 23-cv-11547 (E.D. Mich.) |

**DECLARATION OF ERIC LANDAU IN SUPPORT OF NON-PARTY SAM KREVLIN'S MOTION TO QUASH INDIVIDUAL DEFENDANTS' SUBPOENA TO APPEAR AT DEPOSITION UNDER THE REPORTERS' PRIVILEGE**

I, Eric Landau, declare as follows:

1. I am a partner of the law firm Ellenoff Grossman & Schole LLP, counsel for non-party movant Sam Krevlin. I am licensed to practice law in New York and am a member in good standing of bar of this Court. I submit this declaration in support of Non-Party Samuel Krevlin's Motion to Quash Individual Defendants' Subpoena to Appear at Deposition. If called as a witness, I could and would testify competently and truthfully as to the facts set forth herein, as I know each to be true based upon my personal knowledge or my review of the files and records maintained by my firm in the regular course of its representation of Mr. Krevlin.

2. On March 7, 2025, Christopher Raiti, counsel for defendants Detective Moises Jimenez, Commander James Tolbert, Detective Kurtiss Staples, Sgt. Eddie Croxton, and Officer Alma Hughes-Grubbs (collectively, the "Individual Defendants") in the civil action entitled *Nixon v. City of Detroit, et al.*, No. 23-cv-11547 currently pending in the United States District Court for the Eastern District of Michigan (the "Underlying Action") emailed a subpoena *duces tecum* for production of documents related to the Article ("Production Subpoena") to Mr. Krevlin's personal email address without Mr. Krevlin's consent. I have attached as **Exhibit 1** a true and correct copy of the Production Subpoena, dated March 7, 2025, issued in the action entitled *Nixon v. City of Detroit, et al.*, No. 23-cv-11547, pending in the United States District Court for the Eastern District of Michigan.

3. The Production Subpoena requested the production of documents in the Eastern District of Michigan, more than 100 miles from where Mr. Krevlin, a resident of New York County, New York, lives, is employed, and regularly conducts business.

4. On March 13, 2025, Mr. Krevlin timely objected to the Production Subpoena based on the improper service of the Production Subpoena, the improper production requirements, and the federal and state reporter's shield laws, among other objections. I have attached as **Exhibit 2** a true and correct copy of Mr. Krevlin's objections to the Production Subpoena, served on the Individual Defendants on March 13, 2025.

5. From March 7 to March 18, Mr. Raiti and I communicated repeatedly by email to resolve Mr. Krevlin's objections. The last communication with Mr. Raiti or the Individual Defendants regarding the Production Subpoena occurred in early April 2025.

6. On August 5, 2025, the Individual Defendants, through counsel, emailed a subpoena for Mr. Krevlin to appear at deposition ("Deposition Subpoena") to Mr. Krevlin's

counsel.  The Deposition Subpoena purported to demand Mr. Krevlin appear remotely from his home in New York County, New York by Zoom at a deposition on August 26, 2025.  I have attached as **Exhibit 3** a true and correct copy of the Deposition Subpoena, dated August 5, 2025, issued in the action entitled *Nixon v. City of Detroit, et al.*, No. 23-cv-11547, pending in the United States District Court for the Eastern District of Michigan.

7.  Counsel attempted over email to meet and confer in good faith to resolve Mr. Krevlin's objections to the Deposition Subpoena, including those based on federal and state reporters' shield laws and the location of the deposition.  Mr. Raiti offered to depose Mr. Krevlin in his firm's Westbury, NY office.  I have attached as **Exhibit 4** a true and correct copy of the meet-and-confer exchanges over email between me and Christopher Raiti of Nathan & Kamionski LLP, counsel for the Individual Defendants, dated from August 5, 2025, to August 26, 2025.

8.  To potentially resolve his objections, I asked Mr. Raiti to clarify: (1) the materiality and relevance of the testimony to the issues in the case; (2) why the information was critical or necessary to the case, rather than merely helpful; and (3) what efforts have been made to obtain this information from alternative sources, and why those efforts were not successful.  The Individual Defendants did not address any of the three questions posed by Mr. Krevlin.

9.  On August 18, Mr. Krevlin timely objected to the Deposition Subpoena, including the grounds that all information the Individual Defendants seek from Mr. Krevlin is privileged under the federal and state reporters' shield laws.  I have attached as **Exhibit 5** a true and correct copy of Mr. Krevlin's objections to the Deposition Subpoena, served on the Individual Defendants on August 18, 2025.

10. On August 26, counsel met and conferred again by Zoom to discuss and potentially resolve Mr. Krevlin's objections and identify what information the Individual Defendants sought from Mr. Krevlin.

11. On the Zoom, Mr. Raiti identified two topics: the Project's interview with Stanley January, a witness in Mr. Nixon's homicide investigation, during the newsgathering for the Article, and the source for a document obtained by the Project for the Article. I repeated Mr. Krevlin's objections that the reporters' shield laws covered any information obtained by Mr. Krevlin about the Project and, as a result, all such information was privileged.

12. In response, Mr. Raiti raised, for the first time, his belief that New York's reporters' shield law did not apply because, at the time of the Project, Mr. Krevlin was a student at Northwestern University in Illinois and the relevant witness investigation occurred in Michigan. I invited Mr. Raiti to provide case law supporting this assertion to help resolve his objections. Mr. Raiti refused and stated that he would not conduct any research to support his position.

13. During the meet and confer, Mr. Raiti did not address Mr. Krevlin's objections under the federal reporters' privilege.

14. Following the meeting, at my request, my office checked the docket for the Underlying Action. According to ECF no. 72, the court's scheduling order, fact discovery in the Underlying Action is scheduled to close on November 26, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2025, at Costa Mesa, California.

                                                /s/ Eric Landau
                                       Eric Landau