**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| KENNETH NIXON<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF DETROIT, DETECTIVE MOISES JIMENEZ, COMMANDER JAMES TOLBERT, DETECTIVE KURTISS STAPLES, SGT. EDDIE CROXTON, OFFICER ALMA HUGHES-GRUBBS, AND OTHER AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY OF DETROIT<br><br>    Defendants. | Civil Action No. 23-cv-11547<br><br><br>**NON-PARTY SAM KREVLIN'S OBJECTIONS TO CERTAIN DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS** |

Non-party Sam Krevlin, a resident of New York City, hereby objects to defendants Detective Moises Jimenez, Commander James Tolbert, Detective Kurtiss Staples, Sgt. Eddie Croxton, and Officer Alma Hughes-Grubbs's (collectively, "Individual Defendants") subpoena to produce documents, dated March 7, 2025 (the "Subpoena"), which purports to require the production of certain documents, the entire journalism file of a former student reporter, by March 28, 2025 at the offices of Nathan & Kamionski LLP, 500 Griswold Street, Suite 2300, Detroit, Michigan 48226.

**PRELIMINARY STATEMENT**

From 2015 to 2019, Mr. Krevlin attended the Medill School of Journalism at Northwestern University ("Medill"). As a junior, Mr. Krevlin applied and was selected to participate in the Medill Justice Project (the "Project"). As part of this journalism course, Mr. Krevlin, along with other Northwestern undergraduate and graduate students, reported on

Kenneth Nixon, an incarcerated gentleman who had been claiming innocence in a 2005 homicide in Detroit. Project reporting and investigation was supervised by Medill faculty and Mr. Krevlin is not the custodian of records for the documents and materials collected.

For the first few months of 2018, and then briefly before the final article was published in the Detroit Free Press, Mr. Krevlin worked on the Project under the supervision of Medill faculty by assisting in gathering documents and interviewing witnesses and others connected to Mr. Nixon and the homicide. Mr. Krevlin then worked with his classmates and Medill supervisors in drafting the article that eventually would be published in the Detroit Free Press.

Following the article's publication, Mr. Nixon was released from prison and subsequently brought suit against the City of Detroit and the Individual Defendants alleging civil rights violations related to his incarceration.

## GENERAL OBJECTIONS

On March 7, 2025, the Individual Defendants emailed a copy of the Subpoena to Mr. Krevlin's email address. Mr. Krevlin did not consent to service by email and objects to the Subpoena as improperly served in violation of Rule 45(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(b)(1). Mr. Krevlin further objects to the Subpoena as facially invalid under Rule 45(c)(2) of the Federal Rules of Civil Procedure as it requires Mr. Krevlin, a resident of New York City, to produce documents in Detroit, Michigan, a location more than 100 miles from where he resides, is employed, and regularly transacts business in person. Fed. R. Civ. P. 45(c)(2).

Mr. Krevlin further objects to the Subpoena on the grounds it impermissibly requests confidential and non-confidential newsgathering documents and testimony protected by New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's

privilege. *See In re McCray, Richardson, Santana, Wise, & Salaam Litig.*, 928 F. Supp. 2d 748, 754 (S.D.N.Y.), *aff'd sub nom. In re McCray, Richardson, Santana, Wise, Salaam Litig.*, 991 F. Supp. 2d 464 (S.D.N.Y. 2013) (finding New York's Reporters Shield Law and federal qualified reporter's privilege policies are congruent and "reflect a paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters, an interest which has always been a principal concern of the First Amendment."). Mr. Krevlin further objects on the grounds the Subpoena offers no clear or specific showing the documents sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source." *Id.* § 79–h(c); *In re Petroleum Prod. Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982). *See Perito v. Finklestein*, 51 A.D.3d 674, 675, 856 N.Y.S.2d 677, 678 (2008) ("In order to show that information sought is 'critical or necessary,' a petitioner cannot merely show that it would be useful, but rather that the defense could not be presented without it.").

Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records. Mr. Krevlin further objects to the Subpoena on the grounds the requests are vague, overbroad, and burdensome in violation of Rule 45(d)(1). Fed. R. Civ. P. 45(d)(1).

Mr. Krevlin reserves all rights, including all objections to jurisdiction, and waives none by service of these objections.

3

## REQUESTS AND OBJECTIONS

**REQUEST NO. 1:** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control relating to Kenneth Nixon, DOB: 03/29/1986, including but not limited to: Entire case file.

**OBJECTION:**

Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome. Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "entire case file." To the extent "entire case file" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to

overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.


**REQUEST NO. 2:** With the exception of any documents subject to the attorney-client privilege

or attorney work product doctrine, please produce all records in your possession or control

relating to Kenneth Nixon, DOB: 03/29/1986, including but not limited to: All correspondence,

including emails.

**RESPONSE:**

      Mr. Krevlin incorporates his general objections above and further objects to this request

as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to

direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take

reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the

custodian of any of the requested records, all of which were either (1) created or obtained during

his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of

other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P.

45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records

from an individual unaffiliated with the dispute at issue herein that are more easily obtained from

other sources, including public records.

      Mr. Krevlin further objects to the request as impermissibly vague with regard to the

phrase "[a]ll correspondence." To the extent "[a]ll correspondence" refers to newsgathering

documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents

are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal

qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records

sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.


**REQUEST NO. 3.** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control <u>relating to Kenneth Nixon, DOB: 03/29/1986</u>, including but not limited to: Witness statements.
RESPONSE:

    Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

    Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "[w]itness statements." To the extent "[w]itness statements" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal

qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records

sought are "highly material and relevant," "critical or necessary to the maintenance of a party's

claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to

overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.

**REQUEST NO. 4** With the exception of any documents subject to the attorney-client privilege

or attorney work product doctrine, please produce all records in your possession or control

<u>relating to Kenneth Nixon, DOB: 03/29/1986,</u> including but not limited to: Intake documents.

RESPONSE:

Mr. Krevlin incorporates his general objections above and further objects to this request

as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to

direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take

reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the

custodian of any of the requested records, all of which were either (1) created or obtained during

his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of

other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P.

45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records

from an individual unaffiliated with the dispute at issue herein that are more easily obtained from

other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the

phrase "[i]ntake documents." To the extent "[i]ntake documents" refers to newsgathering

documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents

are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal

qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records

sought are "highly material and relevant," "critical or necessary to the maintenance of a party's

claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to

overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.


**REQUEST NO. 5** With the exception of any documents subject to the attorney-client privilege

or attorney work product doctrine, please produce all records in your possession or control

relating to Kenneth Nixon, DOB: 03/29/1986, including but not limited to: Court filings.

**OBJECTION:**

 Mr. Krevlin incorporates his general objections above and further objects to this request

as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to

direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take

reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the

custodian of any of the requested records, all of which were either (1) created or obtained during

his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of

other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P.

45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records

from an individual unaffiliated with the dispute at issue herein that are more easily obtained from

other sources, including public records.

 Mr. Krevlin further objects to the request as impermissibly vague with regard to the

phrase "[c]ourt filings." To the extent "[c]ourt filings" refers to newsgathering documents

related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin further objects on the grounds that court filings are, by nature, public documents and easily obtainable from the court in which they were filed. Mr. Krevlin will not produce any documents responsive to this request.

**REQUEST NO. 6** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control <u>relating to Kenneth Nixon, DOB: 03/29/1986,</u> including but not limited to: Notes regarding witness interviews or other aspects of the case.

**OBJECTION:**

Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records

from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "[n]otes regarding witness interviews or other aspects of the case." To the extent "[n]otes regarding witness interviews or other aspects of the case" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.


**REQUEST NO. 7** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control <u>relating to Kenneth Nixon, DOB: 03/29/1986,</u> including but not limited to: Notes, letters, emails, or records of any kind pertaining to the Wayne County Prosecutor's Office Conviction Integrity Unit requesting an investigation into Nixon's conviction.

**OBJECTION:**

Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome. Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the

custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "[n]otes, letters, emails, or records of any kind pertaining to the Wayne County Prosecutor's Office Conviction Integrity Unit requesting an investigation into Nixon's conviction." To the extent "[n]otes, letters, emails, or records of any kind pertaining to the Wayne County Prosecutor's Office Conviction Integrity Unit requesting an investigation into Nixon's conviction" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin further objects on the grounds that any notes, letters, emails, or records exchanged with the Wayne County Prosecutor's Office Conviction Integrity Unity are more easily obtained from that office. Mr. Krevlin will not produce any documents responsive to this request.

**REQUEST NO. 8** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control

<u>relating to Kenneth Nixon, DOB: 03/29/1986,</u> including but not limited to: Witness interviews, audio or visual recordings or transcripts.

**OBJECTION:**

Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome.  Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "[w]itness interviews, audio or visual recordings or transcripts." To the extent "[w]itness interviews, audio or visual recordings or transcripts" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin will not produce any documents responsive to this request.

**REQUEST NO. 9** With the exception of any documents subject to the attorney-client privilege or attorney work product doctrine, please produce all records in your possession or control relating to Kenneth Nixon, DOB: 03/29/1986, including but not limited to: Documents received in response to Freedom of Information Act requests, subpoenas, or other record requests.

**OBJECTION:**

Mr. Krevlin incorporates his general objections above and further objects to this request as overly broad and unduly burdensome. Such a request for "all" records is inappropriate to direct to a non-party because Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Mr. Krevlin further objects to the Subpoena on the grounds that he is not the custodian of any of the requested records, all of which were either (1) created or obtained during his tenure as a reporter while under the supervision of Medill's faculty or (2) in the possession of other public and private entities, including Wayne County, Michigan. Fed. R. Civ. P. 45(a)(1)(A)(iii). Mr. Krevlin further objects to the Subpoena on the grounds that it seeks records from an individual unaffiliated with the dispute at issue herein that are more easily obtained from other sources, including public records.

Mr. Krevlin further objects to the request as impermissibly vague with regard to the phrase "[d]ocuments received in response to Freedom of Information Act requests, subpoenas, or other record requests." To the extent "[d]ocuments received in response to Freedom of Information Act requests, subpoenas, or other record requests" refers to newsgathering documents related to Mr. Nixon, Mr. Krevlin further objects on the grounds all such documents are protected by the New York Reporters Shield Law, N.Y. Civil Rights Law § 79-h, and federal

13

qualified reporter's privilege. The Subpoena offers no clear or specific showing that the records sought are "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source," and, as such, the Subpoena fails to overcome the privilege. Mr. Krevlin further objects on the grounds that documents received in response to a Freedom of Information Act request are, by nature, public documents and obtainable through the Freedom of Information Act. Mr. Krevlin will not produce any documents responsive to this request.

Respectfully,

ELLENOFF GROSSMAN & SCHOLE LLP

_____

Eric Landau (EL1420)
949 South Coast Drive, Suite 200
Costa Mesa, CA 92626
*elandau@egsllp.com*
(949) 416-3101

John B. Horgan (JH8106)
1345 Avenue of the Americas, 15th Floor
New York, New York 10105
*jhorgan@egsllp.com*
(213) 370-1300

*Attorneys for Sam Krevlin*

Dated: March 13, 2025
         New York, New York

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 949 South Coast Drive, Suite 200, Costa Mesa, CA 92626.

On March 13, 2025, I served true copies of the following document(s) described as **NON-PARTY SAM KREVLIN'S OBJECTIONS TO CERTAIN DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS** on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

*PLEASE SEE ATTACHED SERVICE LIST*

☒ (BY U.S. MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY E-MAIL TRANSMISSION) I caused the above document to be served via email transmission by service to each party at their email address listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY FACSIMILE TRANSMISSION) I caused the above document to be served via facsimile transmission by service to each party at their facsimile telephone number listed on the attached service list.

☐ (BY EXPRESS SERVICE CARRIER) At Irvine, California, I caused such envelope(s) to be served by a method of delivery providing for overnight delivery by depositing such envelope in a box or other facility maintained by Federal Express with delivery fees paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand only to counsel for the interested parties at the address listed below:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2025, at Newport Beach, California.

/s/ Lauren Wegener
Lauren Wegener

## SERVICE LIST

1

2

3     **Kristine Baker**
      Nathan & Kamionski LLP
      500 Griswold
4     Ste 2300
      Detroit, MI 48226                                      Kurtiss Staples
5     313-335-3783                    representing            (Defendant)
      313-769-7097 (fax)
6     kbaker@nklawllp.com
       Assigned: 08/03/2023
7      ATTORNEY TO BE NOTICED

8

9                                                            Moises Jimenez
                                                             (Defendant)
10

11                                                           Alma Hughes-Grubbs
                                                             (Defendant)
12

13

14                                                           Eddie Croxton
                                                             (Defendant)
15

16

17                                                           James Tolbert
                                                             (Defendant)
18

19    **Andrea M. Frailey**
      Nathan & Kamionski LLP
20    500 Griswold
      Detroit, MI 48226
21    313-335-3818                                           Kurtiss Staples
      313-769-7097 (fax)             representing            (Defendant)
22    afrailey@nklawllp.com
       Assigned: 08/03/2023
23     ATTORNEY TO BE NOTICED

24

25                                                           Moises Jimenez
                                                             (Defendant)
26

27

28                                                           Alma Hughes-Grubbs

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Defendant)

Eddie Croxton
(Defendant)

James Tolbert
(Defendant)

**Joseph Gutmann**
Nathan & Kamionski LLP
Nathan & Kamionski LLP
343 Maple Avenue
11590
New York, NY 10040
516-620-0370
jgutmann@nklawllp.com
  Assigned: 03/29/2024
  ATTORNEY TO BE NOTICED

representing

Alma Hughes-Grubbs
(Defendant)

Eddie Croxton
(Defendant)

James Tolbert
(Defendant)

Kurtiss Staples
(Defendant)

Moises Jimenez
(Defendant)

Detroit, City of
TERMINATED:
09/30/2024
(Defendant)
PRO SE

-4-
PROOF OF SERVICE

| | | |
|---|---|---|
| **Gayle Horn**<br>Loevy & Loevy<br>ATTN Lauren Lobata<br>311 North Aberdeen Street<br>Ste 3rd Floor<br>Chicago, IL 60607<br>312-243-5900<br>gayle@loevy.com<br>  Assigned: 07/26/2023<br>  ATTORNEY TO BE NOTICED | representing | Kenneth Nixon<br>(Plaintiff) |
| **Julie H. Hurwitz**<br>Goodman and Hurwitz, P.C.<br>1394 E. Jefferson Avenue<br>Detroit, MI 48207<br>313-567-6170<br>313-567-4827 (fax)<br>jhurwitz@goodmanhurwitz.com<br>  Assigned: 06/28/2023<br>  ATTORNEY TO BE NOTICED | representing | Kenneth Nixon<br>(Plaintiff) |
| **Kathryn Bruner James**<br>Goodman and Hurwitz, P.C.<br>1394 E. Jefferson Avenue<br>Detroit, MI 48207<br>313-567-6170<br>313-567-4827 (fax)<br>kjames@goodmanhurwitz.com<br>  Assigned: 06/28/2023<br>  ATTORNEY TO BE NOTICED | representing | Kenneth Nixon<br>(Plaintiff) |
| **Avi Kamionski**<br>Nathan & Kamionski LLP<br>206 S Jefferson St<br>Chicago, IL 60661<br>312-612-1928<br>akamionski@nklawllp.com<br>  Assigned: 08/03/2023<br>  ATTORNEY TO BE NOTICED | representing | Kurtiss Staples<br>(Defendant) |
| | | Moises Jimenez<br>(Defendant) |

PROOF OF SERVICE

1

2          Alma Hughes-Grubbs
          (Defendant)

3

4          Eddie Croxton
          (Defendant)

5

6          James Tolbert
          (Defendant)

7

8

9   **Jon Loevy**
    Loevy & Loevy

10   311 N. Aberdeen St.
    3rd FL

11   Chicago, IL 60607          representing   Kenneth Nixon
    312-243-5900                              (Plaintiff)

12   312-243-5902 (fax)
    jon@loevy.com

13   Assigned: 06/28/2023
    ATTORNEY TO BE NOTICED

14

15

16   **Alyssa Martinez**
    Loevy & Loevy

17   311 N. Aberdeen Street
    Ste Floor 3

18   Chicago, IL 60607          representing   Kenneth Nixon
    414-507-3515                              (Plaintiff)

19   alyssa@loevy.com
    Assigned: 10/19/2023

20   ATTORNEY TO BE NOTICED

21

22   **Shneur Zalman Nathan**
    Nathan & Kamionski LLP

23   206 S Jefferson St
    Chicago, IL 60661          representing   James Tolbert

24   773-704-1650                              (Defendant)
    snathan@nklawllp.com

25   Assigned: 08/03/2023
    ATTORNEY TO BE NOTICED

26

27          Moises Jimenez

28

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | | (Defendant) |
| 2 | | |
| 3 | | Alma Hughes-Grubbs |
| 4 | | (Defendant) |
| 5 | | |
| 6 | | Eddie Croxton |
| 7 | | (Defendant) |
| 8 | | Kurtiss Staples |
| 9 | | (Defendant) |
| 10 | | |
| 11 | **Christopher J. Raiti** | |
| 12 | Nathan & Kamionski LLP | |
| | 500 Griswold | |
| | Ste 2300 | |
| 13 | Detroit, MI 48226 | representing | Kurtiss Staples |
| | 313-335-3811 | | (Defendant) |
| 14 | 312-448-6099 (fax) | |
| 15 | craiti@nklawllp.com | |
| | Assigned: 08/03/2023 | |
| 16 | ATTORNEY TO BE NOTICED | |
| 17 | | Moises Jimenez |
| 18 | | (Defendant) |
| 19 | | |
| 20 | | Alma Hughes-Grubbs |
| 21 | | (Defendant) |
| 22 | | |
| 23 | | Eddie Croxton |
| 24 | | (Defendant) |
| 25 | | James Tolbert |
| 26 | | (Defendant) |
| 27 | | |
| 28 | | |

-7-
PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Dayja Sade Tillman**
Goodman, Hurwitz, and James,
PC
1394 E Jefferson Ave
Detroit, MI 48207                representing    Kenneth Nixon
248-818-5415                                     (Plaintiff)
dtillman@goodmanhurwitz.com
 Assigned: 01/09/2025
 ATTORNEY TO BE NOTICED

PROOF OF SERVICE